VANDUZEN GAS AND GASOLINE ENGINE CO. v. SCHELIES.

**1. CAUSE OF ACTION FOR PERSONAL INJURIES.**
A petition in an action by a servant against his master for personal injuries which alleges that the master through its foreman, peremptorily ordered the plaintiff to perform a duty without providing proper safeguards for his protection, whereby he was injured, states a cause of action.

**2. DUTY OF SERVANT TO OBEY ORDERS OF FOREMAN.**
It is the duty of a servant to obey the peremptory order of his foreman unless the danger to be incurred thereby is so apparent that it would be contributory negligence to obey the order.

**3. CONTRIBUTORY NEGLIGENCE—QUESTION FOR THE JURY.**
Whether it was or was not contributory negligence to obey such order, is a question for the jury.

ERROR to the Court of Common Pleas of Hamilton county.

The defendant in error recovered a verdict of $3,500 on account of the loss of a part of his hand while employed by plaintiff in error in operating a circular saw.

SWING, J.

The gist of the action against the engine company by Schelies was that the company, through its foreman, peremptorily ordered him to perform a duty without providing proper safeguards for his protection, and that by reason thereof he was injured.

The case does not come within the principle of Coal Co. v. Norman, 49 Ohio St., 598, but is more like Railway Co. v. Lavalley, 36 Ohio St., 226, and cases cited by defendant in error. It was the duty of Schelies to obey the peremptory order of his foreman, unless the danger to him in doing so was obvious, and was so apparent to him that it would have been contributory negligence on his part to have obeyed the order. Whether it was or was not, in this case, is a question, under proper instructions, to be left to the jury.

We think a case was alleged in the petition, and, therefore, was not subject to demurrer. We think the charge of the court was very fair and correct, and that the jury was authorized from the evidence in finding the verdict.

Judgment affirmed; no penalty.

*Follett & Kelley*, for plaintiff in error.

*Kittredge & Wilby* and *Frank D. Goodhue, contra.*